

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 06 2017

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CRAIG COATES, Individually and           **PLAINTIFF**
on Behalf of Others Similarly Situated

vs.                    No. 4:17-cv-**372-JLH**

This case assigned to District Judge **Holmes**
and to Magistrate Judge **Volpe**

**DASSAULT FALCON JET CORP.;**
**DASSAULT AIRCRAFT SERVICES CORP.**          **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Craig Coates ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint"), he does hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants Dassault Falcon Jet Corp., and Dassault Aircraft Services Corp. (collectively "Defendant"), for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff, individually and on behalf of all others similarly situated, seeks declaratory judgment; monetary damages; liquidated damages; prejudgment interest; costs; and a reasonable attorney's fee, as a result of Defendant's policy and practice of failing to pay Plaintiff and other similarly situated individuals proper overtime

compensation under the FLSA and under the AMWA within the applicable statutory limitations period.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. This Court has pendent jurisdiction over Plaintiff's AMWA claim pursuant to 28 U.S.C. § 1367(a).

5. A substantial part of the acts complained of herein were committed and had their principal effect against Plaintiff, individually and on behalf of all others similarly situated, within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is an individual and resident of Saline County.

7. Defendant Dassault Falcon Jet Corp. is a foreign for-profit corporation registered to do business in the State of Arkansas.

8. Defendant Dassault Falcon Jet Corp.'s principal place of business is 200 Riser Road, Little Ferry, New Jersey 07643.

9. Defendant Dassault Falcon Jet Corp. maintains a website at: http://www.dassaultfalcon.com.

10. Defendant Dassault Falcon Jet Corp. manufactures airplanes and airplane components related to the air transportation business.

11. Defendant Dassault Falcon Jet Corp.'s services include installation, finishing, placement and assembly of airplane components at 3801 East 10th Street, Little Rock, Arkansas 72202.

12. The registered agent of Defendant Dassault Falcon Jet Corp is The United States Corporation Company at 300 South Spring St., Little Rock, Arkansas 72201.

13. Defendant Dassault Aircraft Services Corp. is a foreign for-profit corporation registered to do business in the State of Arkansas.

14. Defendant Dassault Aircraft Services Corp.'s services include inspection, maintenance and repair of airplane components at 3801 East 10th Street, Little Rock, Arkansas 72202.

15. Defendant Dassault Aircraft Services Corp. maintains a website at: http://www.dassaultfalcon.com/en/CustomerService/worldwide-presence/Pages/Dassault-Aircraft-Services-LittleRock.aspx

16. Defendant Dassault Aircraft Services Corp. "operates a 'one-stop-shop' for all inspection, maintenance, modification, completion and repair needs." at 3801 East 10th Street, Little Rock, Arkansas 72202.

17. Defendant Dassault Aircraft Services Corp's services include installation, replacement and assembly of airplane components.

18. The registered agent of Defendant Dassault Aircraft Services Corp is The United States Corporation Company at 300 South Spring Street, Little Rock, Arkansas 72201.

19. Defendant Dassault Falcon Jet Corp. and Defendant Dassault Aircraft Services Corp. are part of the same "Falcon operation" in one "Dassault facility" in Little Rock.[1]

## IV. FACTUAL ALLEGATIONS

20. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

21. To provide its services related to installation, replacement, repair or maintenance of airplane components, Defendant hires individuals including Plaintiff (referred to herein as "Team Leaders").

22. The duties of a Team Leader employee for Defendant is to work with front-line employees (operators, painters, finishers, mechanics, cabinet makers and technicians) in service bays and install or replace aircraft components, most often interior cabinetry components, and repair and service the same component units.

23. Fifty or more individuals worked as Team Leader employees for Defendant within the three years preceding the filing of the Original Complaint.

24. At all relevant times, Plaintiff and all other Team Leader employees handled goods, including, but not limited to, hand tools, painting tools, finishing equipment, or cabinetry, that had been moved in interstate commerce.

25. For each of the three calendar years preceding the filing of the Original Complaint in this case, Defendant's annual gross volume of sales made or business done

---

[1] "Dassault Falcon's expansive facility in Little Rock, Arkansas, is the site of two strategic Falcon operations: the main Completion Center for all Falcon jets worldwide, and the company-owned Service Center, which is dedicated solely to Falcon customers." http://www.dassaultfalcon.com/en/CustomerService/worldwide-presence/Pages/Dassault-Aircraft-Services-LittleRock.aspx June 6, 2017.

was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

26. At all times relevant to this Complaint, Defendant employed more than four employees.

27. At all relevant times, Defendant was Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

28. At all relevant times, Defendant was an employer to other Team Leader employees and is and has been engaged in interstate commerce as that term is defined under the FLSA.

29. At all relevant times, Defendant was Plaintiff's employer under the AMWA.

30. At all relevant times, Defendant was an employer to other Team Leader employees under the AMWA.

31. Defendant directly hired Plaintiff and other Team Leader employees, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

32. Plaintiff performed the duties of a Team Leader employee for Defendant from approximately 2004 to May of 2017.

33. Defendants paid Plaintiff an hourly rate in exchange for his services as a Team Leader employee.

34. Defendants paid all other Team Leader employees an hourly rate in exchange for their services as Team Leader employees.

35. As a Team Leader employee for Defendant, Plaintiff was required to clock-in and clock-out each day, and to use physical labor to work with sanders, buffers, sprayers and other mechanical machines and equipment.

36. Plaintiff regularly worked more than forty hours per week.

37. Other Team Leaders employees regularly worked more than forty hours per week.

38. Defendant did not pay Plaintiff an overtime premium of one and-one-half times his regular rate of pay for any hours that he worked over forty per week.

### V. FLSA § 216(b) SIMILARLY SITUATED ALLEGATIONS

39. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

40. Defendant did not pay any other Team Leader employees an overtime premium of one and-one-half times his regular rate of pay for any hours for any hours that they worked over forty per week.

41. Defendant knew or should have known of their obligation to pay Plaintiff and other Team Leader employees one and one-half times their regular rate for all hours worked over forty per week.

42. Plaintiff and the other Team Leader employees are similarly situated in that they worked for Defendant, performed the same job duties, were paid a base hourly rate, were required to work more than forty hours per week, were not paid overtime at a rate of one and one-half times their regular rate, and regularly worked more than forty hours per week.

Page 6 of 14
Craig Coates, et al, v. Dassault Falcon Jet Corp., et al
U.S.D.C. (E.D. Ark.) No. 4:17-cv-____
Original Complaint—Collective Action

43. Plaintiff knows that other Team Leader employees exist and are similarly situated to Plaintiff because Plaintiff has worked for Defendant for over 13 years and worked on a range of jobs for Defendant touching all of Defendant's operations in the Little Rock facility.

44. Plaintiff regularly met with Supervisors and Managers of other operators, painters, finishers, mechanics, cabinet makers and technicians as a part of project management meetings.

45. Other Team Leaders were in these project management meetings.

46. Through these regular project management meetings, Plaintiff has learned that all other Team Leaders are paid the same as Plaintiff and have the same job duties relevant to this matter.

47. Other Team Leaders have expressed an interest in joining this matter to Plaintiff.

## VI. LEGAL ALLEGATIONS

A. <u>Individual Allegations under the FLSA</u>

48. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

49. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207 (LEXIS 2013).

50. Defendant violated the Fair Labor Standards Act by not paying Plaintiff and other similarly-situated employees one and one-half times the employee's regular rate when calculating their overtime pay.

51. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

52. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

B. FLSA § 216(b) Representative Action Allegations

53. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

54. Plaintiff brings this collective action on behalf of all Team Leaders employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative Classes for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

55. Plaintiff brings this action on behalf of himself individually *and* all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

56. In the past three years, Defendant has employed over fifty Team Leaders.

57. Like Plaintiff, these Team Leaders regularly worked more than 40 hours in a week.

58. Defendant failed to pay these workers at the proper overtime rate. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class is properly defined as:

**All Hourly Team Leaders, or Similar Positions, Employed
By Defendant Within The Past Three Years and Paid an Overtime Rate
for Hours Worked in Excess of Forty (40) Hours Per Week.**

C. <u>Individual Allegations Under the AMWA</u>

59. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

60. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-203(4).

61. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

62. Defendant failed to pay Plaintiff all overtime wages owed, as required under the AMWA.

63. Defendant's failure to pay Plaintiff overtime of and one-half his regular rate of pay resulted in a failure to pay Plaintiff full and complete overtime during weeks in which Plaintiff worked more than forty hours.

64. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

65. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

66. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

D. Class Allegations Under the AMWA

67. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

68. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

69. Plaintiff proposes to represent a liability class of individuals defined as follows:

**All Hourly Team Leaders, or Similar Positions, Employed By Defendant in Arkansas Within The Past Three Years and Paid an Overtime Rate for Hours Worked in Excess of Forty (40) Hours Per Week.**

70. Upon information and belief, there are between 50 and 100 persons in the proposed class. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

71. Common questions of law and fact relate to all of the proposed liability class members, such as these:

   i. Whether Defendant's policy of failing to properly pay overtime-rate wages to members of the proposed class who worked in excess of forty (40) hours per week was unlawful under the AMWA; and

   ii. Whether, as a result of Defendant's failure to lawfully calculate Plaintiff's overtime pay, Defendant paid members of the proposed class one and one-half times their regular wages for hours worked over forty (40) in each week in accordance with the AMWA.

72. The above common questions of law and fact predominate over any questions affecting only Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

73. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency and well-being." Ark. Code Ann. § 11-4-202. To that end, all non-exempted employees must be paid for time worked over forty (40) hours per week at a rate of one and one-half times their regular rate. Ark. Code Ann. § 11-4-211.

74. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel know of any litigation already begun by any members of the proposed class concerning the allegations in this complaint.

75. No undue or extraordinary difficulties are likely to be encountered in the management of this class action.

76. The claims of Plaintiff are typical of the claims of the proposed liability class in that Plaintiff and all others in the proposed liability class will claim that they were not paid one and one-half times their regular rate of pay for hours worked in excess of forty per week.

77. Plaintiff and his counsel will fairly and adequately protect the interest of the class.

78. Plaintiff's counsel are competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one.

## VII. EQUITABLE TOLLING

79. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

80. The applicable statute of limitations for Plaintiff's FLSA cause of action should be tolled because strict application of the statute of limitations would be inequitable.

81. Defendant, as an employer with a duty to comply with the FLSA and the means to do so, were and had at all relevant times been in a far superior position than Plaintiff to understand the FLSA and apply it appropriately, and Defendants should not be permitted to benefit from this imbalance of power by the passage of time.

82. Further, FLSA regulations require that all employers display posters advising employees of their minimum wage and overtime pay rights. 29 C.F.R. § 516.4.

83. An employer's failure to post required FLSA notices regarding minimum wage and overtime provisions can toll the statute of limitations. United States v. Sabhnani, 566 F. Supp. 2d 139 (E.D.N.Y. 2008); Henchy v. City of Absecon, 148 F. Supp. 2d 435, 439 (D.N.J. 2001); Kamens v. Summit Stainless, Inc., 586 F. Supp. 324, 328 (E.D. Penn. 1984).

84. Defendant failed to post all appropriate notices regarding the FLSA.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Craig Coates, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. Certification of classes pursuant to the FLSA and the Arkansas Rules of Civil Procedure, with all attendant notices to class members, and proper procedures, all as set forth above and as to be explained more full by motion practice;

B. A declaratory judgment that Defendants' practices alleged herein violate the FLSA, the AMWA, and their relating regulations;

C. Judgment for damages for all unpaid overtime compensation under the FLSA, the AMWA, and their relating regulations;

D. Judgment for liquidated damages pursuant to the FLSA, the AMWA, and their relating regulations;

E. An order directing Defendant to pay Plaintiff and other similarly situated employees prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**CRAIG COATES, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: _____
Chris Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

and _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com