## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**CRAIG COATES, Individually and**        **PLAINTIFFS**
**on Behalf of All Others Similarly Situated**
**and MOLLY WARRINGTON, Individually and on**
**Behalf of All Others Similarly Situated**

**V.**          **NO. 4:17-CV-00372-JLH**

**DASSAULT FALCON JET CORP.**        **DEFENDANT**

<u>**DEFENDANT DFJ'S RESPONSE TO**
**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION**</u>

Defendant Dassault Falcon Jet Corp. ("DFJ"), by and through its counsel, Brian A. Vandiver, a partner in the law firm of Cox, Sterling, McClure & Vandiver, PLLC, for its Response to Plaintiff's Motion for Conditional Certification, states:

## I.  INTRODUCTION

This is a collective action under the Fair Labor Standards Act ("FLSA") where Plaintiffs allege that Defendant DFJ misclassified certain employees as exempt and, thus, they are owed damages including unpaid overtime. Pursuant to the FLSA, specifically 29 U.S.C. § 216(b), Plaintiffs ask this Court to conditionally certify the collective action into three putative sub-classes: (1) all team leaders and similar positions; (2) all office personnel and similar positions, and (3) all liaisons and similar positions.  Defendant respectfully requests that the Court conduct an evidentiary hearing on the issue of conditional certification and then deny the motion and the proposed forms and procedure based upon Defendant's objections herein.  Alternatively, Defendant respectfully requests that the Court direct counsel to reach agreement where possible on issues relating to the sub-class definition and opt-in notice and procedure before deciding the remaining unresolved issues.

## II.  ARGUMENT

**A.      The Two-Step Certification Procedure For FLSA Collective Actions Is Contrary To The Text Of The FLSA**

The FLSA allows an employee the right to bring a cause of action against an employer on behalf of the employee and other employees who are "similarly situated." 29 U.S.C.S. § 216(b).

> An action to recover the liability prescribed [by the FLSA] may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216.  Thus, reading the clear text of the statute, Congress intended for other plaintiffs to join an FLSA collective action only after those plaintiffs have demonstrated that they are "similarly situated" to the original plaintiff.  The FLSA does not envision a two-step certification procedure with a notice stage and more lenient standard for determining whether plaintiffs are similarly situated to the original plaintiff.  Rather, this procedure has been created and adopted by the federal courts with no basis in the FLSA, to the detriment of FLSA defendants.  This Court should reject that procedure and follow the plain text of the statute, requiring the same proof of similarly situated at all stages of the case.

Yes, some district courts have adopted a two-step procedure in conditional certification cases with the first determination being made at the "notice stage" and the second determination regarding decertification when the matter is ready to proceed to trial. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995).  But the "notice stage" typically involves a more lenient standard when determining whether employees are similarly situated to the named plaintiff. *Harris v. Sw. Power Pool, Inc.*, No. 4:11CV00679 JLH, 2011 U.S. Dist. LEXIS 129583, at *4 (E.D. Ark. Nov. 8, 2011). Yet, neither United States Supreme Court nor the Eighth Circuit Court

of Appeals have specifically adopted this two-step procedure that emphasizes the "notice stage." *Freeman v. Wal-Mart Stores, Inc*., 256 F. Supp. 2d 941, 944 (W.D. Ark. 2003). Nonetheless, it is common for Eighth Circuit district courts to employ the two-step procedure. *Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937, 940 (W.D. Ark. 2007).

Defendant contends that the two-step procedure is contrary to the FLSA's plain text and is improper. Nothing in the statute contemplates such a procedure or a lessening of the standard for determining who is similarly situated at any stage of the action. Nor is there any indication in the legislative history that Congress envisioned courts conditionally certifying collective actions where individuals could opt-in and then place burden of removing those plaintiffs from the case on the employer at the very end of what is typically a lengthy discovery process. Employers are not to be unduly burdened by frivolous fishing expeditions conducted by plaintiffs at the employer's expense. *Collins v. Barney's Barn, Inc.*, No. 4:12CV00685 SWW, 2013 U.S. Dist. LEXIS 54955, at *8-9 (E.D. Ark. Apr. 17, 2013). The courts and practicing attorneys have a responsibility to not stir up litigation through unwarranted solicitation. *Id.* at *8-9 (quoting *Severtson v. Phillips Beverage Co*., 137 F.R.D. 264, 267 (D. Minn. 1991)). This two-step procedure is an invention by lower federal courts and this Court should reject it.

It is true that district courts have discretionary power "in appropriate cases" to allow discovery regarding possible class members and then manage the notice process. *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). But neither *Hoffmann-La Roche* or any other U.S. Supreme Court decisions have embraced the two-step burden-shifting procedure. "Our decision does not imply that trial courts have unbridled discretion in managing [FLSA] actions. Court intervention in the notice process for case management purposes is distinguishable in form and function from the solicitation of claims. In exercising the discretionary authority to oversee

the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffmann-La Roche*, 493 U.S. at 174.  Thus, this Court should use the same "similarly situated" test at all stages of the litigation to determine whether another plaintiff-employee is a proper party.  Defendant requests that the Court adopt Justice Scalia's reasoning in his dissent in *Hoffmann-La Roche* and reject any application of the two-step procedure and a more lenient burden for Plaintiffs to demonstrate who is similarly situated.  Further, Defendant wishes to preserve for appeal whether *Hoffmann-La Roche* should be reconsidered and overturned.  *Cf. Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) ("rigorous analysis" is required for FRCP 23 class certification).

**B.      The Proposed Class Definitions Are Vague And Ambiguous**

Plaintiffs include the phrase "and similar positions" in the proposed definitions for all three putative sub-classes.  Courts have found that "similar positions" is "ambiguous and likely to create confusion, and therefore should be eliminated from proposed class definitions." *Jordan v. RHD, Jr., Inc.*, No. 2:16-CV-02227 PKH, D.E. 23 (Opinion and Order) at 5 (W.D. Ark. Feb. 17, 2017).

Moreover, the terms Team Leaders, Office Personnel, and Liaisons are vague and ambiguous.  While Plaintiffs point to a few job codes, it is unclear to Defendant what exactly is the scope and limit of the putative sub-classes.  Defendant contends that the parties need time to engage in limited discovery to be able to better define the putative class members.

**C.      No Named Plaintiff Can Represent The Liaisons**

Regarding the third putative class, the Liaisons, there is no named Plaintiff that is "similarly situated" to those class members.  Based on his declaration, Craig Coates is a team leader and claims to be similarly situated to other team leaders.  Likewise, Molly Warrington declares that

she is an office personnel employee and claims to be similarly situated to other office personnel employees.  But there is no third named plaintiff in this action who is similarly situated to the Liaisons.  Putative plaintiffs cannot be similarly situated to a named plaintiff who does not exist.  Therefore, the Court should deny conditional class certification for "All Liaisons."

**D.      Plaintiffs Are Not Similarly Situated To All Putative Class Members**

If the Court utilizes the two-step procedure discussed above, the Court will likely apply (despite Defendant's objection) a more lenient standard when undertaking the "notice stage" analysis to determine if the Plaintiffs and the putative class members are "similarly situated." *Garrison v. ConAgra Foods Packaged Food, LLC*, No. 4:12-cv-00737-SWW, 2013 U.S. Dist. LEXIS 43405, at *6 (E.D. Ark. Mar. 27, 2013).  However, unsupported assertions of widespread violations are insufficient to carry the burden in the notice stage. *Farnsworth v. Welspun Tubular LLC*, No. 4:11-cv-619-DPM, 2012 U.S. Dist. LEXIS 115398, at *3 (E.D. Ark. Aug. 16, 2012) (quoting *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 945 (W.D. Ark. 2003)).

Without a requirement for commonality between the claims of the proposed class, the FLSA would fail to maintain the interests of judicial economy and would allow widespread abuse. *White v. Osmose, Inc.*, 204 F. Supp. 2d 1309, 1314 (M.D. Ala. 2002).  Plaintiffs must do more than speculate that putative opt-in plaintiffs would be interested in joining action; otherwise, valuable judicial resources will be squandered.  *Collins v. Barney's Barn, Inc.*, No. 4:12CV00685 SWW, 2013 U.S. Dist. LEXIS 54955, at *10 (E.D. Ark. Apr. 17, 2013) (citing *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1165 (D. Minn. 2007)).  Therefore, the named Plaintiffs must demonstrate that they and the putative class members "held the same job title, worked in the same geographic locations, and were subjected to alleged violations during the same period and based on the same policies and practices." *Pressler v. FTS USA, LLC*, No. 4:09CV00676 JLH, 2010 U.S.

Dist. LEXIS 55181, at *10-11 (E.D. Ark. May 12, 2010).  Additionally, courts will analyze the extent to which the acts constituting the alleged violations are similar. *Wheeler v. Baxter Healthcare Corp*., No. 4:11CV00263 JLH, 2011 U.S. Dist. LEXIS 129585, at *6 (E.D. Ark. Nov. 8, 2011).

While Plaintiffs are not required to show their position is "identical" to those of the putative class members, Plaintiffs must establish that they are "similar." *Harris v. Sw. Power Pool, Inc*., No. 4:11CV00679 JLH, 2011 U.S. Dist. LEXIS 129583, at *5 (E.D. Ark. Nov. 8, 2011). In misclassification FLSA cases, determining "whether putative class members are nonexempt will depend on a fact-intensive inquiry into the duties performed by the different types of employees." *Id*. at *6. "Numerous courts have denied certification of a collective action where determining whether putative plaintiffs are similarly situated will depend on a fact-intensive inquiry into the duties performed by each individual employee." *Smith v. Frac Tech Servs*., No. 4:09CV000679 JLH, 2009 U.S. Dist. LEXIS 109930, at *14 (E.D. Ark. Nov. 24, 2009).

Job descriptions distinguishing the roles of employees can serve as evidence that proposed class members are not similarly situated. *Pressler v. FTS USA, LLC*, No. 4:09CV00676 JLH, 2010 U.S. Dist. LEXIS 55181, at *14 (E.D. Ark. May 12, 2010).  Use of a common job description does not mean that conditional certification is *per se* warranted in every case. *Nabi v. Hudson Grp. (HG) Retail*, *LLC*, 310 F.R.D. 119, 124 (S.D.N.Y. 2015).  The putative class must be described in specific terms and a broad and varied class of proposed plaintiffs is not apt for certification. *Farnsworth v. Welspun Tubular LLC*, No. 4:11-cv-619-DPM, 2012 U.S. Dist. LEXIS 115398, at *3-4 (E.D. Ark. Aug. 16, 2012).  Courts will not infer misclassifications exist and plaintiffs must be able to provide evidence that employees were misclassified due to an unlawful companywide policy. *Id*. at *4.

Despite Plaintiff's assertions to the otherwise, most courts enter into in-depth analysis of the facts during this notice stage of the litigation. District courts in Arkansas have found that it is appropriate to engage in a detailed analysis from the outset of litigation regarding questions of fact so that the courts can influence the management of the litigation from the start. *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 945 (W.D. Ark. 2003). This Court has found that meager amounts of evidence (such as just a few affidavits and U.S. Department of Labor documents) are an insufficient amount of discovery for the Court to make an informed decision. *Madden v. Lumber One Home Ctr. of Stuttgart, Inc.*, No. 4:10CV01162 JLH, 2010 U.S. Dist. LEXIS 127558, at *14-15 (E.D. Ark. Dec. 2, 2010) (denying plaintiffs' motion for conditional certification). In this case, there has been no formal discovery to date and the parties are only now preparing to exchange initial disclosures. Again, Defendant submits that limited discovery is necessary to better answer the question of which putative clas members, if any, are similarly situated to Plaintiffs.

The Team Leaders and Office Personnel Employees, as defined by Plaintiffs, are lacking the commonality requirement that serves as the nexus amongst a proposed class. As noted by the vast amount of case law on the subject, conclusory statements without facts to support the statements are inadequate; instead, Plaintiffs must demonstrate that the putative class members and Plaintiffs shared: (1) the same job title; (2) the same job in the same geographic location; (3) the same job in the same time period; (4) suffered the same harm from the same policies and practices; and (5) that the acts constituting the alleged violations are similar.

Plaintiffs do not satisfy the first element. Plaintiffs seek to create three putative sub-classes for all Team Leaders, all Office Personnel Employees, and all Liaisons. Plaintiffs clearly envision employees with different job titles joining the classes which is likely why they identify multiple job codes and include the "and similar positions" language.

Plaintiffs also fail to meet the second element. There is no geographic location limitation involved in the motion for conditional certification. The lawsuit is brought on behalf of all former and current employees of the Defendant DFJ, but there is no mention of where the alleged violations occurred. Defendant DFJ has employees at other physical locations besides its Little Rock completion facility (including New Jersey). Even in the context of the lenient standard at this notice stage of the two-step process, the Court should require Plaintiffs to limit the proposed classes to Defendant's Little Rock facility.

Finally, Plaintiffs fail the fourth and fifth elements, which require that putative class members suffer violations under the same policies and practices and the same acts constituting the violations are similar. The proposed classes involve *all* team leaders, office personnel employees, and liaisons. Plaintiffs allege that Defendant DFJ misclassified all of these employees as exempt employees. Defendant contends that they are properly classified. But whether each plaintiff is or is not properly classified will turn on a case-by-case analysis of the specific exemption(s) applicable to that specific employee and that employee's job duties. Moreover, there is no evidence in the affidavits that Defendant DFJ made uniform exemption decisions at the same time and in the same manner for all of the employees in the putative classes. If there are not similar violations of policies and procedures amongst the class, then it is impossible to analyze the extent to which the acts constituting the alleged violations are similar, which is why Plaintiffs also fail to meet the fifth element necessary to be granted conditional certification. Defendant again contends that the motion is premature and that the parties should engage in limited discovery so as to be able to inform the Court of a basic understanding of how and when Defendant made its decisions to classify the putative class members as exempt employees under the FLSA.

Because Plaintiffs cannot (at least at this time) meet the above elements for commonality based upon their unsupported allegations, the Court should not conditionally certify this case for a collective action under the FLSA. As stated in *Harris*, misclassification cases determining whether putative class members are nonexempt inherently involve on fact-intensive inquiries. This case is no different. The vague and broad class descriptions clearly contemplate such fact-intensive inquiries. Otherwise, Plaintiffs would have simply defined the class by a specific job code at a specific location instead of having to use various job codes and ambiguous language like "similar positions." As in *Freeman*, this Court should analyze the facts at the outset of litigation and determine that additional discovery is needed and the case, based upon this limited record, is not ripe for conditional certification.

**E.    Defendant Objects To The Proposed Forms**

Collective actions require that employees receive accurate and timely notice concerning the pendency of a collective action so that employees can make informed decisions regarding their participation. *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 170 (1989). If conditional certification is granted, Defendant notes several objectional provisions in Plaintiffs' proposed notice. Section 2 of the proposed "Notice of Right to Join Lawsuit" should include language that Defendant denies any liability, that it complied with applicable state and federal law, and that all employees were properly classified as exempt employees.

Section 3 of the proposed "Notice of Right to Join Lawsuit" states that Plaintiffs are seeking to sue on behalf of Team Leader employees, Office Personnel Employees, and Liaison employees. As discussed above in this Response, Defendant contends that the proposed class definitions are problematic, and therefore Defendant objects to Section 3 of the proposed notice.

Defendant also objects to Section 4 of the proposed notice. In their brief, Plaintiffs argue for a ninety-day opt-in period.  In *Jordan*, the court held that a ninety-day opt-in period is excessive when the class is not large, especially when "no evidence has been presented that putative members are likely to live outside of the state of Arkansas." *Jordan v. RHD, Jr., Inc*., No. 2:16-CV-02227 PKH, D.E. 23 (Order and Opinion) at 11 (W.D. Ark. Feb. 17, 2017).  Rather, a sixty-day opt-in period was sufficient and would better provide for the efficient facilitating of notice while avoiding the delay of the litigation.  Thus, Defendant argues that a sixty-day opt-in period is appropriate in this case.

The second paragraph in Section 5 of the proposed "Notice of Right to Join Lawsuit" states

It is important to understand that you may be entitled to recovery just because you were employed by Defendant as a Team Leader employee, Office Personnel Employee, or Liaison employee at some time since June 6, 2014. The Court will make a final decision about whether you are entitled to recover, and for what time period, if any, that you are entitled to recover. The court Has not made those decisions as of yet.

This statement is misleading at best.  There is no law that states that current and former employees would be able to recover damages simply because they held a certain job title during the proposed time frame.  Putative class members would only be entitled to recovery if the Defendant misclassified that employee as exempt under the FLSA.  The Court (or a jury) will decide whether any individuals who join the class are entitled to recovery based on their individual classifications and job duties, but individuals will not be entitled to recovery merely from joining the lawsuit. Therefore, Defendant objects to Section 5 of the proposed "Notice of Right to Join Lawsuit" as it is written.

Regarding the reminder postcard, reminder notices are denied when they are unnecessary and could be potentially interpreted as encouragement by the Court to join the lawsuit.  *Knispel v. Chrysler Grp. LLC*, No. 11-11886, 2012 U.S. Dist. LEXIS 21188, at *21-22 (E.D. Mich. Feb. 21,

2012).  In *Jordan*, the court ruled that any reminder postcard should include a disclaimer that the Court neither encourages nor discourages participation.  *Jordan v. RHD, Jr., Inc*., No. 2:16-CV-02227 PKH, D.E. 23 (opinion and Order) at 9 (W.D. Ark. Feb. 17, 2017).  Plaintiffs state that there is a risk of notice being lost in the mail, but they are also seeking to send notice via e-mail and text message.  But Defendant would not object to a reminder postcard via U.S. Mail, so long as it includes language stating that the Court does not encourage nor discourage participation in the collective action.

But Defendant strenuously objects to the Plaintiffs' use of electronic notice and consent forms.  In *Jordan*, the court found that electronic notice and consent to join forms, sent in addition to notice via U.S. Mail, are repetitive and unnecessary barring unusual circumstances caused by great difficulty in locating putative members.  *Id*. at 10.  Plaintiffs have not shown any necessity for additional electronic notice and consent to join forms.  The Court should find that the additional electronic forms and follow-ups would be too broad, repetitive, and unnecessary.  The Court should also not require Defendant to use its e-mail system and the putative class members work e-mail address.

If the Court does allow the use of electronic notice and consent forms, then Defendant has other objections.  There would be no need for a Second Notice of Right to Join Lawsuit.  Plaintiffs' arguments for the use of a reminder postcard center on the reliability of the U.S. Mail.  But Plaintiff juxtaposes traditional mail with the reliability and efficiency and electronic forms.  Since Plaintiff argues that electronic notice and consent forms are quick and reliable, then there would be no need to send a second Notice of Right to Join Lawsuit by U.S. Mail. This would be redundant and inefficient. The putative class would have already received notice several times.

Regarding the content of electronic transmissions, they should clearly state that recipients only have sixty (60) days to opt in.  Since opting-in would be done electronically, and receipt would be automatic, there is no circumstances warranting a larger opt-in window.  Furthermore, there is no explanation of the lawsuit in the proposed electronic transmissions.  There is nothing to assure that putative class members actually read the notice and consent before signing the documents.  Additionally, there is no mechanism in place to guarantee that the intended recipient is the person completing the signing process to opt-in.  All of these potential issues should preclude the Court from allowing electronic forms.  However, should the Court allow the electronic forms, there should be language added to explain the circumstances of the lawsuit and to assure the correct individual opts into the case.

Finally, Defendant objects to expedited consideration and expedited production of information for notice in this case. Plaintiff erroneously cites *Adams v. United Cerebral Palsy of Central Arkansas*.  The Order does not state that Plaintiffs are entitled to an expedited consideration in collective actions. It states that, due to the specific facts in that case, it was proper to expedite consideration because the window was very narrow in the statute of limitations. Order at 2, *Adams v. United Cerebral Palsy of Central Arkansas, Inc.,* No. 4:16-cv-00930-JLH (E.D. Ark., April 27, 2017).  Plaintiffs do not argue or offer evidence that the putative class's rights are in jeopardy. Therefore, Defendant objects to the requested expedited consideration of the certification motion and the expedited production of information for notice. Accordingly, Defendant objects to the proposed deadline stating that they must "produce the names, last known addresses, e-mail addresses, phone numbers and dates of employment of the Putative Collective members in a usable electronic format" within seven (7) days from the Court's Order approving any notice.  Instead, the Defendant suggests a fourteen-day period to produce information

regarding any putative class members so that Defendant can do so in a manner that is more efficient and less rushed.  Lastly, Defendant requests a list of and copies of all notices and communication sent to putative class members prior to this Court's authorization.

### III.  CONCLUSION

For these reasons, the Court should allow the parties to conduct limited discovery related to the issue of conditional class certification, allow the parties to conduct an evidentiary hearing on the issue of conditional class certification, and then deny Plaintiff's motion and grant Defendant all other proper and just relief.

Respectfully Submitted,

COX, STERLING, MCCLURE
& VANDIVER, PLLC
8712 Counts Massie Road
North Little Rock, AR 72113
(501) 954-8073
bavandiver@csmfirm.com

By:     /s/ Brian A. Vandiver
Brian A. Vandiver, Ark. Bar No. 2001078

*Attorney for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I, Brian A. Vandiver, do hereby certify that a true and correct copy of the foregoing was served on the following person(s) through the ECF/CM service on November 3, 2017:

Chris Burks
Josh Sanford
Sanford Law Firm, PLLC
650 S. Shackleford, Suite 411
Little Rock, AR 72211
chris@sanfordlawfirm.com
josh@sanfordlawfirm.com

By:     */s/ Brian A. Vandiver*
          Brian A. Vandiver