## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

CRAIG COATES; MOLLY WARRINGTON;                              PLAINTIFFS
and EDWIN SMITH, individually and on behalf
of all others similarly situated

v.                          No. 4:17CV00372 JLH

DASSAULT FALCON JET CORPORATION                              DEFENDANT

### OPINION AND ORDER

This is a collective action brought by former employees of Dassault Falcon Jet Corporation

alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the Arkansas

Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et. seq.* The plaintiffs—Craig Coates, Molly

Warrington, and Edwin Smith—allege that Falcon Jet wrongfully classified them as exempt from

the FLSA and AMWA overtime requirements. Though they worked more than forty hours per

week, they were not paid a higher rate for those overtime hours. They have filed a motion for

conditional class certification and court-authorized notice. For the following reasons, the motion

is granted.

### I.

The FLSA authorizes "similarly situated" employees to proceed collectively to recover

damages for violations of the FLSA's overtime provisions. 29 U.S.C. § 216(b). The FLSA does

not expressly define "similarly situated." Although the Eighth Circuit has not addressed the issue,

this Court and others within the Eighth Circuit have applied the two-step approach set out in *Lusardi*

*v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987) to determine whether class certification is proper. *See*

*Maclin v. Montgomery and Sons Const., Inc.*, No: 4:12CV5, 2012 WL 5818163 at *1 (E.D. Ark.

Nov. 15, 2012) (applying the two-step approach); *In re Pilgrim's Pride*, No. 1:07CV1832, 2008 WL

4877239, at *2 (W.D. Ark. Mar. 13, 2008) (citing to federal courts that follow the two-step approach

and adopting it); *Davis v. NovaStar Mortgage, Inc.*, 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005) (applying the two-step approach); *Kalish v. High Tech Inst., Inc.*, No. Civ. 041440, 2005 WL 1073645, at *1 (D. Minn. Apr. 22, 2005) (applying the two-step approach); *McQuay v. Am. Int'l Group*, No. 4:01CV00661, 2002 WL 31475212, at *2 (E.D. Ark. Oct. 25, 2002) (noting that "a majority of courts have adopted a two-step process"). "This approach provides for a two-step determination as to whether class certification is proper." *Davis*, 408 F. Supp. 2d at 815. Generally, the plaintiffs move for conditional certification at an early stage in the litigation, and a class is conditionally certified for notice purposes. *Id.* Then, the defendant is allowed the opportunity to move for de-certification at the close of discovery. *Id.*

Falcon Jet argues that the Court should not apply the two-step procedure because it is contrary to the plain text of section 216(b) and the relevant legislative history does not indicate that Congress intended for courts to conditionally certify collective actions. Falcon Jet says that employers are unduly burdened by the two-step process because they are required to move for de-certification after conducting discovery.

Section 216(b) does not specify the procedure courts should follow to certify collective actions. *See Davenport v. Charter Commc'ns, LLC*, 4:12CV00007 AGF, 2017 WL 878029 at *8 (E.D. Mo. March 6, 2017). It simply provides that one or more employees, on behalf of themselves and other employees similarly situated, may bring an action to recover unpaid minimum wages or unpaid overtime compensation and that employee is a party unless he gives his written consent and that consent is filed in the court in which the action has been brought. 29 U.S.C. § 216(b).

Furthermore, Falcon Jet's argument ignores one of the purposes of the FLSA collective action, which is to reduce the burden on plaintiffs through the pooling of resources. *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989) (noting a

2

collective action affords plaintiffs the "advantage of lower individual costs to vindicate rights by the pooling of resources"). The two-step procedure with a lenient standard at the initial stage recognizes that the statute of limitations for opt-in plaintiffs continues to run until they opt-in. If the Court imposed a more stringent standard, like the more traditional Rule 23-style analysis, the parties would need to conduct discovery before the certification issue became ripe and during that time the statute of limitations would continue to run, working to the detriment of employees who were not paid overtime. Judicial economy is another concern. The Third Circuit explained: "A district court's early intervention in the preparation and distribution of notice to potential participants serves legitimate purposes, including avoidance of a multiplicity of duplicative suits and establishing cut-off dates to expedite disposition of the action." *Halle v. West Penn Allegheny Health Sys., Inc.*, 842 F.3d 215, 224 (3rd Cir. 2016). This Court, as it has done in the past, will follow the majority of courts and continue to apply a two-step approach to certification. *See Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259-60 (11th Cir. 2008); *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).

## II.

In the first stage, or "notice stage," courts apply a lenient standard to determine whether persons similarly situated to the named plaintiffs exist and should receive notice. *Chin v. Tile Shop, LLC*, 57 F. Supp. 3d 1075, 1082 (D. Minn. 2014). The plaintiffs bear the burden of proof at this stage, and they "can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Kautsch v. Premier Commc'ns*, 504 F. Supp. 2d 685, 689 (W.D. Mo. 2007) (quoting *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998)). The plaintiffs can satisfy their burden through the use of affidavits, supported by admissible evidence. *Jost v. Commonwealth Land Title*

*Ins. Co.*, No. 4:08CV734, 2009 WL 211943, at *2-3 (E.D. Mo. Jan. 27, 2009). "The plaintiffs may

not meet this burden through unsupported assertions of additional plaintiffs and widespread FLSA

violations." *Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1017 (E.D. Mo.

2010). However, the Court "does not make any credibility determinations or findings of fact with

respect to contrary evidence presented by the parties." *Chin*, 57 F. Supp. 3d at 1083.

The plaintiffs propose three classes for conditional certification:

(1) All Team Leaders (internal job code TEAM LDR and similar positions)
employed by Defendants since June 6, 2014.

(2) All Office Personnel Employees (internal job codes ANALYST, ASSOC
ANALYST, SPEC and similar positions) employed by Defendants since June 6,
2014.

(3) All Liaisons (internal job codes LIAISON PRODUCTION, COORD-SHOP
FLOOR and similar positions) employed by Defendants since June 6, 2014.

The named plaintiffs have each submitted an affidavit to show that they and employees similarly

situated to them were victims of a common policy that violated the FLSA.

Coates, a Team Leader, states: (1) he has worked for Falcon Jet as a Team Leader for more

than three years; (2) he works with front-line employees in service bays, installing or replacing

aircraft components and repairing and servicing component units; (3) he is familiar with other Team

Leaders and estimates there are at least 75; (4) Team Leaders are paid an hourly rate; (5) Team

Leaders routinely work more than forty hours a week; and (6) Team Leaders are not paid overtime.

Document #17-7.

Warrington, an Office Personnel Employee, states:  (1) she has worked for Falcon Jet as an

Office Personnel Employee for more than three years; (2) she performs financial and cost-control

analysis; (3) she is familiar with other Office Personnel Employees and estimates there are at least

thirty; (4) Office Personnel Employees are paid an hourly rate; (5) it is a regular occurrence for

4

Office Personnel Employees to work between 42 and 45 hours per week; and (6) Office Personnel Employees are not paid overtime.  Document #17-8.

Smith, a Liaison, states: (1) he has worked for Falcon Jet as a Liaison for more than three years: (2) he works with Team Leaders and front-line employees to ensure proper communication and the efficient installing or replacing of aircraft components and the repairing and servicing of component units; (3) he is familiar with other Liaisons and estimates there are at least thirty; (4) Liaisons are paid an hourly rate; (5) it is common for a Liaison to work more than fifty hours in a week; and (6) Liaisons are not paid overtime.  Document #17-9.

Falcon Jet correctly argues that the "and similar positions" language in the proposed class definitions renders the definitions too broad.  That language leaves the class definition too vague for efficient case administration.  In addition, the class definitions must be limited to Falcon Jet employees working in Arkansas.  There is no evidence that similarly situated employees exist in other states because the named plaintiffs only vouch for their knowledge of those working for Falcon Jet in Arkansas.  The classes will include only Team Leaders, Office Personnel Employees, and Liaisons employed in Arkansas since June 6, 2014.

Falcon Jet next argues that the named plaintiffs have failed to meet their burden to show that persons similarly situated to them exist.  That argument is overruled.  Considering that list of factors, the affidavits of the named plaintiffs establish that a number of Falcon Jet employees held the same job title, worked in the same geographic region, experienced alleged FLSA violations during the same time period, and were subject to the same practices.

Falcon Jet also argues that conditional certification is inappropriate because determining whether plaintiffs are similarly situated will require the Court to conduct an in-depth factual inquiry into the job duties of each individual employee.  Document #29 at 6 (quoting *Smith v. Frac Tech*

*Servs.*, No. 4:09CV000679, 2009 WL 4251017 at *4 (E.D. Ark. Nov. 24 2009)). It is true that in cases based on the distinction between exempt and non-exempt employees, the focus of the similarly situated analysis revolves around the nature of the employees' job duties, but at this lenient notice stage, the named plaintiffs need to show only that employees who perform similar duties exist. Coates, Warrington, and Smith have done so through their affidavits. *See Davis v. NovaStar Mortg., Inc.*, 408 F. Supp. 2d 811, 16-17 (W.D. Mo. 2005) (noting that signed declarations provide appropriate support conditional certification motions). According to the affidavits, the duties for Team Leaders, Office Personnel Employees, and the Liaisons in Arkansas are similar.

Falcon Jet may choose to move for decertification of the classes after the opt-in period has closed and the parties have conducted discovery. Then, Falcon Jet may put on evidence that the plaintiffs are not similarly situated based on the individualized nature of their job duties and show that one plaintiff may be exempt from the FLSA due to the nature of his job duties while another plaintiff with the same job title may not be exempt. *See Frac Tech*, 2009 WL 4251017 at *4. The Court will then determine from the record whether the plaintiffs within each category are similarly situated for the purposes of determining whether their respective duties give them exempt status. *See McLendon v. Schlumberger Tech. Corp.*, 2016 WL 3911897 at *5 (E.D. Ark. July 15, 2016). For now, "[s]o long as the plaintiffs provide evidence that the proposed class members were victims of the same policy or plan, conditional certification is appropriate." *Helmert v. Butterball, LLC*, No. 4:08CV00342 JLH, 2009 WL 5066759 at *7 (E.D. Ark. Dec. 15, 2009).

Based on the pleadings and accompanying affidavits, the plaintiffs have made a modest factual showing that the defendants implemented a common policy unlawfully exempting Team Leaders, Office Personnel Employees, and Liaisons in Arkansas from the FLSA and AMWA overtime requirements. This action is conditionally certified as a collective action.

**III.**

The next set of issues relates to the notice to be sent to potential opt-in plaintiffs.  District courts have the discretion to manage the issuance of notice because the benefits derived from collective action dispute resolution "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."  *Hoffman-La Roche*, 493 U.S. at 170, 110 S. Ct. at 486.  The plaintiffs have submitted a proposed notice.  Document #17-1.  The defendants suggest several changes to the plaintiffs' notice procedure and the content of the proposed notice.

First, Falcon Jet asks the Court to amend the proposed notice to include language providing that Falcon Jet denies any liability, that it complied with applicable state and federal law, and that all employees were lawfully classified as exempt.  The proposed notice includes the following paragraph:

> Defendant denies Plaintiffs' claims and allegations.  Defendant asserts that it complied with the law, and properly compensated all of its Team Leaders, Office Personnel Employees and Liaisons.

Document #17-1 at 2.  This language is sufficient to communicate Falcon Jet's position to potential opt-in plaintiffs.[1]

Second, Falcon Jet asks the Court to amend the propose notice to provide for a sixty-day opt-in period instead of a ninety-day opt-in period as requested by the plaintiffs.  That request is granted.  The affidavits suggest that the class includes approximately 165 members and those members are likely to reside in Arkansas.  Sixty days is sufficient time to notify potential class members and allow them to decide whether to opt-in.  *See Tegtmeier v. PJ Iowa, L.C.*, 208 F. Supp. 3d 1012, 1025

---

[1] The second sentence has been modified to include Liaisons.  The notice should include that amendment when it is sent.

(S.D. Iowa 2016).  The Court hereby authorizes a sixty-day opt-in period from the date the notice is mailed.

Third, Falcon Jet asks the Court to amend Section 5 of the proposed notice, which provides: "It is important to understand that you may be entitled to recovery just because you were employed by Defendant as a Team Leader employee, Office Personnel Employee, or Liaison employee at some time since June 6, 2014."  Document #17-1 at 2.  Falcon Jet correctly argues that this statement is misleading because the potential class members will only be entitled to recovery if it is found that Falcon Jet misclassified them as exempt under the FLSA, not merely because they joined the lawsuit.  Section 5 of the proposed notice must be amended to provide: "You may or may not be entitled to recovery . . . ."

Fourth, Falcon Jet opposes a second notice sent in the form of a reminder postcard.  It argues that a reminder notice is unnecessary in this case and could be interpreted as the Court encouraging potential plaintiffs to join the lawsuit.  Nothing about the reminder postcard suggests the Court's encouragement.  The lawyers for the plaintiffs are authorized to send the proposed reminder postcard thirty days after the initial notice is disseminated.  Document #17-5.

Fifth, Falcon Jet objects to the use of electronic notice and consent forms.  The initial notice and the reminder notice may be sent by email as well as U.S. mail.  Otherwise, the request for permission to send electronic transmissions is denied.

The Court orders Falcon Jet to provide to plaintiffs' counsel, in electronically readable or importable form, the names, addresses, and e-mail addresses (if known) of all persons who were employed by them as Team Leaders, Office Personnel Employees, and Liaisons during the relevant time period and to do so within fourteen days from entry of this Order.

Falcon Jet's request for a list of and copies of all notices and communication sent to putative

class members prior to this Court's authorization is granted.  Plaintiffs' lawyers must provide that information to Falcon Jet.

The Court denies the plaintiffs' request for an order directing Falcon Jet to provide e-mail addresses, dates of birth, the last four digits of the Social Security numbers of anyone whose notice is returned as undeliverable, and any employee number or unique identifier of all putative plaintiffs.

If any notice is returned as undeliverable, the lawyers for the plaintiffs are authorized to re-mail the notice to those individuals for whom plaintiffs' counsel is able to find accurate addresses.

## CONCLUSION

For the reasons stated above, the plaintiffs' motion for conditional class certification and court-authorized notice is GRANTED.  Document #17.  The proposed notice is approved subject to the amendments required hereinabove.  Before sending notices, plaintiffs' lawyers must submit the form of notice to the defendant's lawyers to confirm that the required amendments have been made.

IT IS SO ORDERED this 21st day of November, 2017.

_____

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE