**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

CRAIG COATES, MOLLY WARRINGTON,                              PLAINTIFFS
and EDWIN SMITH, individually and
on behalf of all others similarly situated

v.                              No. 4:17CV00372 JLH

DASSAULT FALCON JET CORP.                                     DEFENDANT

**OPINION AND ORDER**

The plaintiffs commenced this collective action under the Fair Labor Standards Act on June 6, 2017. They also seek relief under the Arkansas Minimum Wage Act. Pursuant to Federal Rule of Civil Procedure 23, the plaintiffs have now moved to certify two classes on the state-law claims. The motion is denied because it would be impractical to certify a class under Rule 23 at this late stage. Rule 23(c) states that class certification must be determined "[a]t an early practicable time after a person sues." The plaintiffs moved for class certification on June 19, 2018. The motions were not ripe for judgment until July 30, 2018, when the plaintiffs filed their reply briefs. Trial is scheduled to begin the week of September 17, 2018, some 46 days from today.

The parties proposed a deadline of January 8, 2018, for filing class certification motions in the joint Rule 26(f) report. That proposed deadline was adopted from the outline for a Rule 26(f) report in Local Rule 26.1, which says "[i]n the typical case, the deadline for filing motions for class certification should be no later than ninety (90) days after the Fed. R. Civ. P. 26(f) conference." E.D. Ark. R. 26.1(13). The Court inadvertently omitted this deadline from the final scheduling order. Even without a specific deadline in the scheduling order, however, the plaintiffs have an obligation to file a motion for class certification sufficiently in advance of trial to allow putative class members adequate time "to provide the absentees with a full and meaningful opportunity to intervene to protect their rights or to opt out." 7AA Charles Allen Wright, Arthur R. Miller, and

Mary Kay Kane, *Federal Practice and Procedure: Civil* § 1786 (3d ed. 2005).  "[N]otice must be sent long before the merits of the case are adjudicated."  *Id*. § 1788.

With the trial now 46 days away, the plaintiffs request that the Court give the defendant 14 days to provide class member contact information and a 21-day notice period from the date they receive this information.  Notably, the requested notice period is much shorter than the 90 days that the plaintiffs requested and the 60 days that the Court granted for the opt-in period for the collective action.  This notice period is insufficient "under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950).

The timing is also unfair to the defendant.  Defendants "are entitled to ascertain at the earliest practicable moment whether they will be facing a limited number of known, identifiable plaintiffs or whether they will instead be facing a much larger mass of generally unknown plaintiffs."  *McCarthy v. Kleindienst*, 741 F.2d 1406, 1411-12 (D.C. Cir. 1984).  Certifying a Rule 23 class is certain to increase the number of individuals to whom the defendant may be held liable.  "Fundamental fairness, as well as the orderly administration of justice requires that defendants haled into court not remain indefinitely uncertain as to the bedrock litigation fact of the number of individuals or parties to whom they may ultimately be held liable for money damages."  *Id*. at 1412.

For the foregoing reasons, the plaintiffs' motions to certify a Rule 23 class are DENIED.  Documents #63 and #65.

IT IS SO ORDERED this 2nd day of August, 2018.

*[signature: J. Leon Holmes]*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE