IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CRAIG COATES; MOLLY WARRINGTON;  PLAINTIFFS
and EDWIN SMITH, individually and on behalf
of all others similarly situated

v.  No. 4:17CV00372 JLH

DASSAULT FALCON JET CORPORATION  DEFENDANT

**OPINION AND ORDER**

The plaintiffs have moved for partial summary judgment on the applicable statutory period under the Fair Labor Standards Act—two years or three years—and on Dassault Falcon Jet Corporation's liability for liquidated damages. A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact exists only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

The statute of limitations for violations under the FLSA will be extended from two years to three where an employer has willfully violated the act. 29 U.S.C. § 255(a). An employer acts willfully when it "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S. Ct. 1677, 1681, 100 L. Ed. 2d 115 (1988). The plaintiffs bear the burden of proving the willfulness of Dassault's violations. *See Adams v. United States*, 350 F.3d 1216, 1229 (Fed. Cir. 2003).

On the other hand, Dassault bears the burden on the second issue. "An award of liquidated damages under section [the FLSA] is mandatory unless the employer can show good faith and reasonable grounds for believing that it was not in violation of the FLSA." *Braswell v. City of El Dorado, Ark.*, 187 F.3d 954, 957 (8th Cir. 1999). The employer's burden "is a difficult one, with double damages being the norm and single damages the exception." *Chao v. Barbeque Ventures*, LLC, 547 F.3d 938, 941-42 (8th Cir. 2008) (citation omitted).

The plaintiffs argue that Dassault's failure to investigate claims of misclassification make Dassault's alleged violations willful. Dassault responds that it did not receive complaints of misclassifications from employees. The plaintiffs point to the testimony of various employees who said they complained to managers about their exempt classification. The evidence is in conflict, and the plaintiffs cannot meet their burden by asking the Court to believe their evidence and disbelieve Dassault's.

With respect to liquidated damages, it is true that Dassault's burden is heavy. It is also true that the evidence must be interpreted in the light most favorable to Dassault. Dassault points out that its senior director of human resources testified in detail regarding the classification determinations. *See* Vandervort Deposition. That testimony, if believed, shows that Dassault made efforts to comply with the FLSA. The Court will wait to hear all of the evidence before determining whether Dassault's decision was made in subjective good faith and was objectively reasonable. *See Chao*, LLC, 547 F.3d at 942; *see also Langston v. Summit Health & Rehab.*, LLC, 2015 U.S. Dist. Lexis 97556, *7-8 (W.D. Ark. July 27, 2015) ("District Courts typically reach the issue of liquidated damages after it has been determined that an FLSA violation has occurred.").

The plaintiffs' motion for partial summary judgment is DENIED. Document #86.

IT IS SO ORDERED this 9th day of August, 2018.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE