**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

CRAIG COATES; MOLLY WARRINGTON;                                            PLAINTIFFS
and EDWIN SMITH, individually and on behalf
of all others similarly situated

v.                                       No. 4:17CV00372 JLH

DASSAULT FALCON JET CORPORATION                                            DEFENDANT

## OPINION AND ORDER

In a previous order, this Court determined that team leaders and production liaisons were not paid on a salaried basis. Accordingly, the Court held that team leaders and production liaisons are not exempt employees under the administrative and executive exemptions. The Court granted the plaintiffs summary judgment on those affirmative defenses but did not also grant them summary judgment on the highly compensated employee exemption. The plaintiffs have now moved the Court to reconsider whether summary judgment is appropriate as to the highly compensated employee exemption. It is and the Court was mistaken to retain that exemption as an issue for trial. The regulation states, and Dassault Falcon Jet Corporation agrees, that the highly compensated employee exemption only applies to employees paid on a salaried basis. *See* 29 C.F.R. § 541.601. Team leaders and production liaisons were not paid on a salaried basis, and they are therefore not covered by any of the exemptions asserted by Dassault.

Dassault has also moved the Court to reconsider its previous summary judgment order. It argues that there is sufficient factual dispute as to whether team leaders and production liaisons were paid on a salaried basis and that it was therefore inappropriate for the Court to grant the plaintiffs summary judgment on the exemptions. Dassault says that the Court improperly required Dassault to prove that any reductions in pay were proper. The Court has reconsidered its decision and finds

no error in its conclusion that Dassault did not pay team leaders or production liaisons on a salaried basis. Dassault paid team leaders and production liaisons based on the hours worked, not based on a predetermined amount as required by 29 C.F.R. § 541.602.

All of the exemptions asserted by Dassault require that it paid its employees on a salaried basis. Team leaders and production liaisons were not paid on a salaried basis and so none of these exemptions covers either class of employee. This brings the Court to reconsider its Order decertifying the class of team leaders. The Court decertified the team-leader class because "at trial the issue of whether team leaders qualified for the highly-compensated professional exemption would require individualized inquiry into each team leader's compensation and each team leaders' job duties." With the highly compensated employee exemption no longer an issue for trial, the fact finder will not have to make the individualized inquiries that necessitated decertification of the team-leader class.

The plaintiffs' motion for reconsideration is GRANTED. Document #119. Dassault's motion for reconsideration is DENIED. Document #121. Team leaders and production liaisons are not exempt under the administrative, executive, or highly compensated employee exemptions. The Court's order decertifying the team-leader FLSA collective action is set aside. Team leaders remain certified as a collective action, along with production liaisons.

IT IS SO ORDERED this 31st day of August, 2018.

*J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE