IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CRAIG COATES, individually and on behalf                                   PLAINTIFFS
of all others similarly situated, et al.

v.                                   No. 4:17CV00372 JLH

DASSAULT FALCON JET CORPORATION                                            DEFENDANT

**OPINION AND ORDER**

Craig Coates and Edwin Smith brought this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq*., seeking overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. The Court conditionally certified three classes. Following the opt-in period, the Court granted partial summary judgment in favor of the plaintiffs, holding that Dassault Falcon Jet did not pay the plaintiffs on a salary basis so they were not exempt as administrative, executive or highly-compensated employees. Then, shortly before trial, the parties filed a joint stipulation for entry of a consent judgment, which was supplemented by an agreement that the amount of unpaid overtime wages to the plaintiffs totaled $167,377.91. Dassault Falcon Jet subsequently withdrew its good faith defense, and the Court entered judgment for liquidated damages in an amount equal to the total of unpaid wages, for total damages to the plaintiffs of $334,755.82.

The plaintiffs have now filed a motion to recover fees and costs. They have requested fees totaling $165,984.75 and costs totaling $3,561.27. Dassault Falcon Jet has objected to some of the fee requests but not to the request for costs.

The starting point for determining the amount of reasonable fees is the lodestar, which multiplies the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v.*

*Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983).  In determining the lodestar, a court may consider such factors as

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id*. at 430 n.3, 103 S. Ct. at 1937 n.3.  When the party seeking an award of fees submits inadequate documentation of its hours and rates, "the district court may reduce the award accordingly."  *Id*. at 433, 103 S. Ct. at 1939.  "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Id*. at 434, 103 S. Ct. at 1939-40.  After determining the lodestar, other considerations, such as "the important factor of the 'results obtained,'" may lead a court to adjust the fee upward or downward.  *Id*. at 434, 103 S. Ct. at 1940.  No precise rule or formula exists for making these determinations.  *Id*. at 436, 103 S. Ct. at 1941.  "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  *Id*. at 437, 103 S. Ct. at 1941.

The defendant objects to the hourly rate for Joshua Sanford.  Sanford has requested an hourly rate of $325.  The Honorable Timothy Brooks of the Western District held in a recent case that Sanford's "hourly rate of $325.00 is slightly too high, given the prevailing market rate for similar legal work and Mr. Sanford's experience[.]"  *Murdock v. McNair*, No. 5:17-CV-05225, 2018 WL 6314569, at *2 (W.D. Ark. Dec. 3, 2018).  Judge Brooks noted, however, that Sanford had

discounted his fee request by an amount that effectively reduced the request to an hourly rate below $300 per hour, which Judge Brooks found reasonable. *Id.* The same is true here. Sanford has already reduced his fee request from more than $53,000 to slightly more than $46,000, a reduction of more than 13%. That reduction reduces his effective hourly rate to an amount below $300 per hour, which is a reasonable hourly rate for a lawyer of Sanford's experience and expertise in this legal market.

The defendant objects to an hourly rate of $250 per hour for Anna Stiritz and Vanessa Kinney. In 2015, this Court found that an appropriate hourly rate for associates of Mr. Sanford and others with commensurate experience was between $175 and $225. Approximately four years have passed since then. The Court notes that Stiritz has been licensed to practice since 1991 and Kinney since 2007. An hourly rate of $250 per hour for them is not unreasonable.

Third, the plaintiffs object to any fee for Allison Koile or for law clerks. The objection to the fee request for Koile is that there is nothing in the fee request that explains her qualifications. Nevertheless, Ms. Koile is known to the Court as a lawyer in the Sanford firm. A search of the CM/ECF system reveals that she has appeared in thirty-one cases in this district. The fact that her qualifications were not explained in the fee request is simply an oversight. Nor is it necessary to name law clerks in order to claim a reasonable hourly rate for them in a fee request.

Dassault Falcon Jet also objects to $90 charged by unnamed "staff." That charge appears to be for clerical work and will not be allowed.

Dassault Falcon Jet also challenges the reasonableness of several categories of hours spent. They contend that plaintiffs' counsel overstaffed the case, that plaintiffs' counsel engaged in an unreasonable amount of internal conferences, and that the plaintiffs should not recover for time spent

on the first amended complaint or their motion for class certification. The first amendment to the complaint was made to add the claims of Molly Warrington, a claim that did not succeed. The Rule 23 motion for class certification was denied by the Court as untimely.

The objection to the amount of internal conferences is well taken. The fee request includes $32,911.75 for in-house conferences, which is approximately one-fifth of the total fee request and is by far the largest category of the various categories in the fee request. In comparison, less than $8,000 in fees is requested for depositions and less than $5,000 for discovery. Dassault Falcon Jet requests a reduction in the internal conferences in the amount of $8,227.94. It requests a reduction for the first amended complaint in the amount of $247.50. It also requests a reduction of $9,195.50 for the Rule 23 motion. Those three reductions will be granted.

Accordingly, the fee request of $165,984.75 is reduced by $90 for the fee charge for staff, $8,227.94 for in-house conferences, $247.50 for the first amended complaint, and $9,195.50 for the Rule 23 motion, all of which reduces the fee award to $148,223.81. The costs totaling $3,561.27 are granted without objection. The motion for costs and attorneys' fees is GRANTED IN PART and DENIED IN PART. Document #158. Judgment will be entered for fees and costs in the total amount of $151,785.08.

IT IS SO ORDERED this 8th day of May, 2019.

*J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE