IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CRAIG COATES, et al.**

vs.                              No. 4:17-cv-372-BSM

**DASSAULT FALCON JET CORP.**                              **DEFENDANT**

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AND FOR DISMISSAL WITH PREJUDICE

COME NOW Plaintiffs Craig Coates, et al., some individually and on behalf of others similarly situated (collectively "Plaintiffs") and Defendant Dassault Falcon Jet Corp. ("Defendant") (collectively "the Parties"), by and through their respective counsel, and jointly move the Court to approve the Settlement Agreement and Release ("Settlement Agreement") entered into by the Parties and to dismiss this case with prejudice.

### I. INTRODUCTION AND FACTUAL BACKGROUND

This is a group of four consolidated cases, all brought against the same Defendant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. (the "AMWA"), for unpaid overtime wages. The Settlement Agreement between the Parties resolves all claims in the consolidated cases and takes into account four separate groups of Plaintiffs, each of whom work or worked for Defendant, with job duties distinct from each other. These four groups are Team Leaders, Liaisons, Office Personnel Employees, and Engineers.

Plaintiff Craig Coates ("Coates") filed this lawsuit on June 6, 2017. On October 13, 2017, Coates moved this Court for conditional certification pursuant to the FLSA of three

Page 1 of 7
Craig Coates, et al. v. Dassault Falcon Jet, Corp.
U.S.D.C. (E.D. Ark.) Case No. 4:17-cv-372-BSM
Joint Motion for Approval of Settlement

collectives of individuals: Team Leaders, Office Personnel Employees, and Liaisons. This Court granted the Motion on November 21, 2017. ECF No. 17.

Following the ensuing notice period, a group of individuals who did not opt in within the appropriate time period brought a second lawsuit, *Leo Threet, et al. v. Dassault Falcon Jet Corp.*, No. 4:18-cv-445-BSM. *Threet* has been consolidated into this action. ECF No. 192. There was no active collective or class at the time of consolidation, but each named plaintiff in *Threet* was either a former Team Leader, Office Personnel Employee, or Liaison. Another case, *Robert Gipson, et al. v. Dassault Falcon Jet Corp.*, No. 4:18-cv-672-BSM, was brought shortly thereafter. *Gipson* has also been consolidated into this case. In *Gipson*, the Plaintiffs moved for conditional certification of a collective of "All Engineers [of Defendant] Within the Past Three Years" on November 6, 2018. The Court granted the Motion on December 17, 2018 and 8 individuals opted into the lawsuit. *Brian Donnell, et al. v. Dassault Falcon Jet Corp.*, No. 4:19-cv-283-BSM is the final case consolidated into this one, and has one Plaintiff who was a Team Leader.

In the *Coates* action, the Court granted partial summary judgment on the issue of whether Team Leaders and Production Liaisons were exempt under the administrative, executive, or highly compensated employee exemptions, ruling that the employees were not exempt. Defendant preserved its right to appeal the issue. Relying on the Court's ruling, the Parties in the Coates action entered into a Consent Judgment by which each Named Plaintiff and Opt-In Plaintiff would receive a certain amount for their lost wages and liquidated damages. ECF No. 157.

While the appeal was pending, *Threet*, *Donnell*, and *Gipson* each entered into a stay pending resolution of the appeal. Ultimately, the Eighth Circuit reversed the decision

Page 2 of 7
Craig Coates, et al. v. Dassault Falcon Jet, Corp.
U.S.D.C. (E.D. Ark.) Case No. 4:17-cv-372-BSM
Joint Motion for Approval of Settlement

of the District Court. Counsel for the Parties then began settlement discussions aimed at the resolution of claims in all related cases. On December 3, 2020, counsel for the Parties attended a mediation presided over by an experienced third-party mediator, during which they negotiated at arm's length and in good faith, reaching a settlement as to all claims in all consolidated cases.

The Parties now seek this Court's approval of their settlement. Plaintiffs allege that Defendant failed to pay them and others similarly situated an overtime premium for hours worked in excess of forty each week. Defendant denies these allegations, arguing that Plaintiffs received all overtime compensation due to them. The Parties believe their proposed settlement agreement represents a fair and reasonable resolution of all legal and factual disputes.

## II.     ARGUMENT

Because the FLSA confers non-waivable rights on employees, courts typically review settlements of wage claims to ensure that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable. *Lynn's Food Stores, Inc. v. United States*, 769 F. 3d 1350, 1353 n.8 (11th Cir. 1982). Court review "ensures that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute." *Cruthis v. Vision's*, No. 4:12-cv-00244-KGB, 2014 U.S. Dist. LEXIS 117901, at *2 (E.D. Ark. Aug. 19, 2014).

The Eighth Circuit has recently cast doubt on whether settlements of wage claims require court review. In *Melgar v. OK Foods*, the court acknowledged "an apparent circuit split as to whether private settlements relating to FLSA claims require district court review," and declined to decide the question. No. 17-2612, 2018 U.S. App. LEXIS 24501,

Page 3 of 7
Craig Coates, et al. v. Dassault Falcon Jet, Corp.
U.S.D.C. (E.D. Ark.) Case No. 4:17-cv-372-BSM
Joint Motion for Approval of Settlement

at *8 (8th Cir. Aug. 29, 2018); see also Barbee v. Big River Steel, LLC, 927 F.3d 1024, 1026 (8th Cir. 2019). In any case, the Melgar court reiterated its "tradition of encouraging settlement between private parties." Id. at *6. Nonetheless, to ensure that their settlement agreement is enforceable, concurrently with the filing of their Motion, the Parties are submitting the settlement agreement to the Court for in camera review. If the Court wishes the agreement to be filed of record, the Parties request an order permitting them to file it under seal.

The Parties' settlement agreement is the product of a settlement conference presided over by experienced mediator Eric Galton. Before the settlement conference, the Parties to the Coates action exchanged extensive formal and informal discovery regarding the Plaintiffs' payroll records. The parties engaged in significant motion practice spanning hundreds of docket entries and, in the Coates action, participated in an appeal to the Eighth Circuit Court of Appeals. After the settlement conference, the Parties exchanged drafts of the settlement agreement until both Parties were satisfied with the version now before this Court. Both Parties were represented throughout the litigation by counsel experienced in litigating wage disputes.

### A. The Settlement Agreement Resolves Bona Fide Factual and Legal Disputes.

To arrive at their settlement agreement, the Parties reached compromises of many bona fide factual and legal disputes. Plaintiffs allege that Defendant misclassified them as exempt workers and accordingly failed to pay them an overtime premium for hours worked in excess of forty per week. Defendant asserts and Plaintiffs deny that Plaintiffs (1) were barred from recovery due to exemptions, exclusions, exceptions, or credits provided for in Section 7 of the FLSA, 29 U.S.C. §207 and (2) were compensated for all

Page 4 of 7
Craig Coates, et al. v. Dassault Falcon Jet, Corp.
U.S.D.C. (E.D. Ark.) Case No. 4:17-cv-372-BSM
Joint Motion for Approval of Settlement

hours worked. The Parties also disagree as to whether certification of multiple collectives was proper. The Parties further dispute whether Plaintiffs can recover liquidated damages, if their recovery would be limited to two years or would extend to three years, and whether and to what extent their claims are barred by the statute of limitations. Accordingly, the Court should conclude that there are bona fide disputes over misclassification, FLSA liability, and proof of damages.

    B.    *The Terms of the Settlement Agreement are Fair and Reasonable.*

In negotiating the compromise now before the Court, counsel for the Parties evaluated each Plaintiff's alleged damages based on the payroll records exchanged in the *Coates* action. For the *Coates* Plaintiffs, their damages were based directly on the time and pay records received for them. For the *Threet* and *Donnell* Plaintiffs, their approximate damages were calculated using an extrapolation of each category of Plaintiff in *Coates* (i.e. Office Personnel, Liaison, or Team Leader), and taking into account the relative strength of each claim. For the *Gipson* Plaintiffs, each of which was an Engineer, the value of their claims were similarly based off of an extrapolation of data exchanged in the *Coates* action, but reduced due to facts produced in conferences and at mediation which showed that Engineers worked fewer average hours in overtime than did the other categories of Plaintiffs. If any Plaintiff had calculated damages amounting to less than $250, that Plaintiff was allocated $250 as a settlement minimum.

No less than 26 Plaintiffs signed the current form of the settlement agreement. The terms and allocations were thoroughly scrutinized and specifically bargained for. The allocated amounts for each Plaintiff are especially reasonable given the fact that the prospects for recovery were uncertain. Following the Eighth Circuit's reversal of judgment

Page 5 of 7
Craig Coates, et al. v. Dassault Falcon Jet, Corp.
U.S.D.C. (E.D. Ark.) Case No. 4:17-cv-372-BSM
Joint Motion for Approval of Settlement

on the salary basis issue, the outcome of the case was more dubious than at any point previously. Sensing this, counsel for the Parties quickly conferred to eliminate risk to each side and to steer the case towards a mutually agreeable compromise.

The Parties negotiated the attorneys' fees to be paid to Plaintiffs' Counsel separately and independently from the amounts payable to Plaintiffs for their damages claims. Further, Plaintiffs' Counsel is not seeking a contingency on the payments to be sent to each Plaintiff. As a result, the agreed upon fees do not affect or diminish the amount payable to Plaintiffs.  Accordingly, the Parties do not believe the Court is required to review or evaluate the propriety of that component of the Parties' settlement. *See Barbee v. Big River Steel, LLC*, 927 F. 3d 1024, 1027 (8th Cir. 2019) ("When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement. Thus, regardless of whether we read the statute as requiring approval for FLSA settlements, we do not read it as requiring approval of settled attorney fees." (citations omitted)).

### III.   CONCLUSION

The Parties reached their settlement agreement after a thorough review of Plaintiffs' time and pay records, vigorous motion practice, and a mediated settlement conference. Because the settlement agreement is a reasonable compromise of bona fide disputes over numerous contested issues, the Parties respectfully request that this Court approve the settlement agreement, dismiss Plaintiffs' claims with prejudice, and retain jurisdiction in this matter for the sole purpose of enforcing the settlement agreement.

Page 6 of 7
Craig Coates, et al. v. Dassault Falcon Jet, Corp.
U.S.D.C. (E.D. Ark.) Case No. 4:17-cv-372-BSM
Joint Motion for Approval of Settlement

                Respectfully submitted,

                **CRAIG COATES and EDWIN SMITH, Each Individually and On Behalf of All Others Similarly Situated, PLAINTIFFS**

                SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PKWY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

                Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**and**    **DEFENDANT DASSAULT FALCON JET, CORP.**

                Brian A. Vandiver
COX, STERLING, McCLURE & VANDIVER, PLLC
8712 Counts Massie Road
North Little Rock, Arkansas 72113
Telephone: (501) 954-8073
bavandiver@csmfirm.com

                */s/ John B. Brown*
John B. Brown
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Preston Commons West
8117 Preston Road, Suite 500
Dallas, TX 75225
Telephone: (214) 987-3800
Facsimile: (214) 987-3927
john.brown@ogletreedeakins.com

**Page 7 of 7**
**Craig Coates, et al. v. Dassault Falcon Jet, Corp.**
**U.S.D.C. (E.D. Ark.) Case No. 4:17-cv-372-BSM**
**Joint Motion for Approval of Settlement**